UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:14-cv-60867-FAM

LYNDA DAVIS, individually and as attorney-in-fact
for DOROTHY DAVIS, an individual,

    Plaintiffs,

v.

SOUTHPOINT CONDOMINIUM ASSOCIATION, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING AWARD AND PAYMENT OF ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 41(D)**

Defendant, SOUTHPOINT CONDOMINIUM ASSOCIATION, INC. ("the Association"), pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, and in accordance with Local Rule 7.1, hereby moves this Court for the entry of an order staying the instant proceedings, pending the award and payment of the Association's attorneys' fees and costs incurred in a voluntarily dismissed action previously pending in this very Court, which was litigated for seven months between the same parties, and which included the same claims against the Association, and in support thereof, states as follows:[1]

**BACKGROUND**

1.    The Association is a four hundred (400)–unit condominium association located in Fort Lauderdale, Florida.

---

[1] In the alternative, in the event this Court determines that Rule 41(d) does not apply to the facts giving rise to this Motion, the Association respectfully requests a fourteen (14) day extension of time, starting from the date this Court rules on the instant Motion, to respond to the Complaint in the instant action.

2. Plaintiffs, Lynda Davis and Dorothy Davis, are former residents of the Association.

3. The Association's governing documents generally to do not permit its residents to reside with pets.

4. On or about November 21, 2011, Plaintiffs made a request to the Association to permit Plaintiffs to reside with an alleged service dog.

5. While the Association did not deny Plaintiffs' request for accommodation, Lynda Davis, on behalf of Dorothy Davis, filed a complaint with the Broward County Human Rights Section ("BCHRS"), alleging housing discrimination based on the Association's alleged failure to grant Plaintiffs' request for accommodation.

6. After conducting an investigation of Plaintiffs' Complaint, and, again, while the Association at no point denied Plaintiffs' request for an accommodation, BCHRS issued a Determination of Reasonable Cause, and issued a Statement of Charge on April 16, 2013.

7. Following the Association's election to have the dispute decided in a civil action before a federal district court on May 7, 2013, the BCHRS, on behalf of Plaintiffs, filed a complaint against the Association in the United States District Court for the Southern District of Florida, Case No. 0:13-cv-61750-RSR ("*Davis I*") on August 13, 2013, seeking an award of monetary damages to Dorothy Davis, attempting to set forth the following causes of action against the Association: 1) alleged violation of 42 U.S.C. § 3604(f)(3)(B) (Count I); 2) alleged violation of Subsections 161/2-35(g) & (h) of the Broward County Human Rights Act ("BCHRA") (Count II); 3) alleged violation of 42 U.S.C. § 3617 (Count III); and 4) alleged violation of Subsection 161/2-36 of the BCHRA (Count IV). *See generally Davis I* Compl., attached hereto as Ex. "1."

8.  The Association subsequently filed a Motion to Dismiss the Complaint in *Davis I*, based on the following grounds: 1) the initial Complaint was untimely filed, as it was filed more than ninety (90) days after the Association filed its notice of election; and 2) Plaintiffs' alleged intimidation claims under 42 U.S.C. § 3617 and Subsection 16½-36 of the BCHRA failed to allege any direct action by the Association, which could possibly constitute an "interference," as required by applicable law. *See* Mot. to Dismiss, attached hereto as Ex. "2."

9.  After the Association filed its Motion to Dismiss the Complaint in *Davis I*, Plaintiffs served the Association with voluminous discovery requests, including a First Set of Interrogatories and Request for Production, requesting the Association to produce documents created or received over the course of many years.

10. In light of the Association's pending Motion to Dismiss, in a good faith effort to avoid incurring any unnecessary fees and costs associated with discovery on claims that could ultimately be dismissed by the Court, the Association conferred with Plaintiffs' counsel at the time ("Plaintiffs' prior counsel") to determine if Plaintiffs may be willing to stay discovery pending a ruling on the Association's Motion to Dismiss, as responding to Plaintiffs' voluminous discovery requests would require the Association and the undersigned to expend an inordinate amount of hours drafting responses and reviewing responsive documents.

11. While Plaintiffs agreed to a forty-five (45) day extension of time for the Association to serve its discovery responses, Plaintiffs did not agree to stay all discovery pending a ruling on the Association's Motion to Dismiss.

12.  As a result of the foregoing, and as responding to Plaintiffs' voluminous discovery requests would require the Association to potentially incur substantial unnecessary attorneys' fees, on December 23, 2013, the Association filed a Motion to Stay Discovery,

requesting that the Court enter an order staying all discovery until such time the Court had ruled on the Association's Motion to Dismiss. *See* Mot. to Stay Disc., attached hereto as Ex. "3."

13.    On January 2, 2014, the Court issued an Order denying the Association's Motion to Stay Discovery, but authorizing an extension of time for the Association to serve its discovery responses through and including February 10, 2014.

14.    Both prior, and subsequent, to the Court's Order Denying the Association's Motion to Stay Discovery, the Association incurred substantial attorneys' fees preparing its responses to Plaintiffs' voluminous discovery requests, which were ultimately served on Plaintiffs on February 10, 2014, pursuant to the Court's Order.

15.    Of particular significance to the instant Motion, after the Association served its discovery responses, Plaintiffs' prior counsel suggested to the undersigned that Plaintiffs may soon be formally retaining different counsel, and despite the undersigned's requests that any further discovery be limited or stayed in light of foregoing, Plaintiffs demanded that the Association provide Plaintiffs with better discovery responses as soon as possible.

16.    In a good faith effort to avoid Court intervention regarding Plaintiff's purported issues with the Association's discovery responses, the Association agreed to supplement certain of its discovery responses, and incurred significant additional attorneys' fees preparing same.

17.    Notwithstanding that Plaintiffs were well aware that the Association and the undersigned had spent many hours compiling the Association's responses and better responses to Plaintiffs' voluminous discovery requests, and notwithstanding that the Association's Motion to Dismiss was still pending, on April 11, 2014, Plaintiffs, through different counsel, in an overt attempt to forum shop and/or otherwise prejudice the Association, filed the instant action against the Association ("*Davis II*"). [*See* ECF No. 1].

18.  Specifically, the *Davis II* Complaint sets forth nearly identical factual allegations against the Association as set forth in *Davis I*, and attempts to set forth one cause of action against the Association for an alleged violation of 42 U.S.C. § 3604(f)(3)(B) (Count I) (i.e., which was one of the four (4) counts contained in the *Davis I* Complaint).  *See id.*

19.  Further, in an apparent attempt to avoid any ruling on the dispositive issues set forth in the Association's Motion to Dismiss filed in *Davis I* (one of which is whether Plaintiffs forfeited their right to maintain any civil action against the Association at all), in *Davis II*, Plaintiffs voluntarily chose not to assert any failure-to-accommodate claim under the BCHRA, or claims for alleged intimidation under intimidation claims under 42 U.S.C. § 3617 and Subsection 161/2-36 of the BCHRA.  *See id.*

20.  The undersigned was first made aware of *Davis II* on or about April 15, 2014, when Plaintiffs' prior counsel reached out to the undersigned, and indicated that another lawsuit was filed.

21.  The following day, on April 16, 2014, Plaintiffs' prior counsel reached out to the undersigned again, and indicated that she would be filing a Notice of Voluntary Dismissal of *Davis I*, and further provided the undersigned with a draft Notice of Voluntary Dismissal, proposing that the parties bear their own fees and costs incurred in *Davis I*.

22.  Surprised and confused by Plaintiffs' course of action in filing a separate lawsuit in the very same Court containing the very same allegations asserted in *Davis I* (rather than simply filing a Notice of Substitution of Counsel), the undersigned subsequently advised Plaintiffs' prior counsel that while Plaintiffs may file a Notice of Dismissal if they choose to do so, the Association would not agree to the filing of a Notice of Voluntary Dismissal of *Davis I*, particularly if the Notice would provide that the parties bear their own fees and costs.

23. Thereafter, on April 17, 2014, Plaintiffs' prior counsel filed a Notice of Voluntary Dismissal of *Davis I*, which did not include any language concerning the parties' fees and costs incurred therein. *See* Not. Vol. Dismissal, attached hereto as Ex. "4."

24. The following day, the Court entered a Final Order dismissing *Davis I* without prejudice, and dismissing all pending motions (including the Association's Motion to Dismiss the *Davis I* Complaint) as moot. *See* Final Order, attached hereto as Ex. "5."

25. Over the course of seven months, from the date *Davis I* was filed (August 18, 2013) through the date Plaintiffs' filed their Notice of Voluntary Dismissal (April 17, 2014), the parties engaged in extensive litigation, and the Association incurred approximately $33,307.00 in attorneys' fees in the defense of *Davis I*, exclusive of any fees incurred in the administrative proceedings before the BCHRS.[2]

26. As discussed in further detail below, because the filing of *Davis II* is an overt attempt by Plaintiffs to forum shop, and as the Association will be extremely prejudiced by essentially be forced to re-litigate Plaintiffs' case and incur significant additional attorneys' fees and costs, this Court should, most respectfully, enter an order staying the instant proceedings, pending an award and payment of the Association's attorneys' fees and costs incurred in *Davis I*.

---

[2] Please note because Plaintiffs filed their Notice of Voluntarily Dismissal on April 16, 2014, and as the Association incurred significant fees in the defense of *Davis I* during the month of April prior to the filing of the Notice of Dismissal (including, but not limited to, preparing the Association's better responses to Plaintiffs' voluminous discovery requests), the Association cannot confirm the exact amount of fees incurred in connection with *Davis I* through April 2014 at this time, as an invoice including April time has not been generated. Immediately after said invoice has been generated, however, the Association will file a Notice with the Court confirming the exact amount of attorneys' fees incurred by the Association in the defense of *Davis I*.

# MEMORANDUM OF LAW

**I.     The Association Is Entitled to An Award of Its Attorneys' Fees and Costs Incurred in *Davis I*.**

Rule 41(d) provides, in pertinent part:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

*Id.*; *U.S. Sur. Co. v. Global Egg Corp.*, 8:12-CV-2574-T-33EAJ, 2013 WL 388715 at *3 (M.D. Fla. Jan. 31, 2013) ("Under Rule 41(d), if [a plaintiff] attempts to file another action 'based on or including the same claim against the same defendant,' the court in the newly-filed action 'may order the plaintiff to pay all or part of the costs of that previous action and may stay the proceedings until the plaintiff has complied.'") (citing Fed. R. Civ. P. 41(d)).

The Court has broad discretion to award fees and costs and, when faced with a scenario where a plaintiff dismisses and re-files certain claims in a separate action, against the same defendant, should evaluate whether the facts surrounding the case justify an award of costs under Rule 41(d) to prevent prejudice to the defendant.  *See Wishneski v. Old Republic Ins. Co.,* No. 5:06–cv–148, 2006 WL 4764424, at *2 (M.D. Fla. Oct. 10, 2006) (citing *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1256 n. 2, 1260 (11th Cir. 2001)).  *See also Groom v. Bank of America*, No. 8:08–cv–2567–T–27EAJ, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010) ("Rule 41(d) expressly contemplates the prejudicial impact on a defendant when a plaintiff dismisses and re-files against that defendant.").  "The purpose of imposing costs on a plaintiff [pursuant to Rule 41(d)] who previously has dismissed an action against the same defendant,

based upon the same claim, is to deter forum shopping and vexatious litigation." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2375, *Costs of Previously Dismissed Action* (3d ed. 2011). "Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources." *Cadle Co. v. Buery*, 242 F.R.D. 695, 698 (S.D. Ga. 2007).

In the instant case, the plain language of Rule 41(d) empowers this Court to require Plaintiffs to pay all or part of the costs incurred by the Association in *Davis I*, as a condition to re-filing the same claims against the Association in *Davis II*, and further authorizes this Court to stay *Davis II* until Plaintiffs comply with this condition. *Id.* Specifically, Plaintiffs have voluntarily dismissed *Davis I* and have commenced *Davis II*, attempting to assert the same claims against the Association as asserted in *Davis I*, i.e., alleged violation of 42 U.S.C. § 3604(f)(3)(B). *Compare Davis I* Compl. and ECF No. 1.

Additionally, in the instant case, "costs" under Rule 41(d) should include the Association's reasonable attorneys' fees, as Plaintiff have not only engaged in overt forum shopping by filing the very same claims against the Association in a separate lawsuit, in the very same federal district, but have also forced the Association to suffer prejudice by unnecessarily incurring many thousands of dollars in fees litigating *Davis I*, including, but not limited to, preparing responses, as well as better responses, to Plaintiffs' voluminous discovery requests. *McCants v. Ford Motor Co.*, 781 F. 2d 855 (11th Cir. 1986) ("Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees."); *Shaker Vill. Condo. Ass'n, Inc. v. Certain Underwriters at Lloyd's*, 08-61935-CIV, 2009 WL 2835185 (S.D. Fla. Sept. 1, 2009) (awarding attorneys' fees to the defendant as part of the defendant's costs

under Rule 41(d), where plaintiff voluntarily dismissed its state court action, and filed a federal court action asserting the same claims asserted in the voluntarily dismissed state court action, in addition to other claims); *Moss v. Saks Fifth Avenue*, 2:06CV668 FTM29SPC, 2007 WL 1141510 at n. 1 (M.D. Fla. Apr. 17, 2007) ("The Court notes that should plaintiffs re-file this case in federal court, attorney fees may be awarded under Fed. R. Civ. P. 41(d)."); *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007) ("Rule 41(d) gives the Court discretion to grant attorney's fees, as it may deem proper, as part of the "costs of the action previously dismissed."). *Cf. Wishneski v. Old Republic Ins. Co.,* 2006 WL 4764424, at *4 (M.D. Fla. Oct. 10, 2006) (declining to award attorneys' fees as costs under Rule 41(d) where there was a complete absence of any "showing of bad faith or vexatious conduct," and where "no discovery had taken place in the case previously filed and dismissed . . . nor had there been any substantial motion practice in the case").

Rather than filing *Davis II*, Plaintiffs could have simply filed a Notice of Substitution of Counsel, along with a Notice of Withdrawal of Counts II through IV in *Davis I*. Instead, Plaintiffs chose to file an entirely separate action asserting the same claims against the Association which, in turn, brought their claims asserted in *Davis I* before a different Judge in *Davis II*, without any basis whatsoever, and then voluntarily dismissed *Davis I*. This strategy of forum shopping and vexatious litigation is exactly what Rule 41(d) was designed to prevent.

Further, although Plaintiffs were well aware at the time they were aggressively seeking voluminous discovery from the Association: 1) that Plaintiffs were considering obtaining different counsel; 2) that the said voluminous discovery was related to claims subject to Association's pending Motion to Dismiss the *Davis I* Complaint; and 3) that the undersigned requested to limit or stay discovery in light of Plaintiff's prior counsel's assertions that Plaintiffs

may be retaining different counsel soon, Plaintiffs relentlessly continued to attempt to obtain responses to their voluminous discovery and, after obtaining same, aggressively pursued better discovery responses, forcing the Association to unnecessarily incur many thousands of dollars in attorneys' fees. If *Davis II* is permitted to proceed forward without an award of the Association's fees and costs incurred in *Davis I*, the Association will be exceptionally prejudiced, as the Association will be essentially forced to re-litigate Plaintiffs' claims from scratch, wasting the Association's and this Court's resources.

For all of these reasons, pursuant to Rule 41(d) and this Court's inherent authority, this Court should, most respectfully, enter an order granting this Motion: 1) awarding the Association its reasonable attorneys' fees and costs incurred in *Davis I*; and 2) staying *Davis II* until Plaintiffs have fully paid such fees and costs.

**II.     The Attorneys' Fees and Costs the Association Is Seeking Are Recoverable.**

The Association incurred a total of approximately $33,320.75 in defense of *Davis I*, from the time *Davis I* was filed (August 18, 2013) through the date Plaintiffs' filed their Notice of Voluntary Dismissal (April 17, 2014), exclusive of any fees incurred in the administrative proceedings before the BCHRS. This amount reflects attorneys' fees in the amount of approximately $33,307.00, which are reasonable in connection with the work performed.

This legal work consisted of preparing and managing the Association's defense of *Davis I* from its commencement through and until the date Plaintiffs' filed their Notice Voluntary Dismissal, including, but not limited to, the preparation of the Association's Motion to Dismiss the *Davis I* Complaint, the preparation of the Association's Reply in Support of the Association's Motion to Dismiss, the preparation of the Association's responses and better responses to Plaintiffs' voluminous discovery requests, the analysis of voluminous Association documents

potentially responses to Plaintiff's discovery requests (dating back many years), as well as the preparation of documents required by the Federal Rules of Civil Procedure and this Court's Local Rules, including, but not limited to, Initial Disclosures the parties' Joint Interim Status Report.

As mentioned above, because Plaintiffs filed their Notice of Voluntarily Dismissal on April 16, 2014, and as the Association incurred significant fees in the defense of *Davis I* during the month of April prior to the filing of the Notice of Dismissal (including, but not limited to, preparing the Association's better responses to Plaintiffs' voluminous discovery requests), the Association cannot confirm the exact amount of fees incurred in connection with *Davis I* through April 2014 at this time, as an invoice including April time has not been generated. Immediately after said invoice has been generated, however, the Association will file a Notice with the Court confirming the exact amount of attorneys' fees incurred by the Association in the defense of *Davis I*.

WHEREFORE Defendant, SOUTHPOINT CONDOMINIUM ASSOCIATION, INC., respectfully requests this Court grant this Motion, and enter an order pursuant to Rule 41(d) and this Court's inherent authority: 1) awarding the Association its attorneys' fees and costs incurred in *Davis I*; and 2) staying the instant proceedings until such fees and costs are fully paid by Plaintiffs.[3]

---

[3] In the alternative, as mentioned above, in the event this Court determines that Rule 41(d) does not apply to the facts giving rise to this Motion, the Association respectfully requests a fourteen (14) day extension of time, starting from the date this Court rules on the instant Motion, to respond to the Complaint in the instant action.

Case No. 0:14-cv-60867-FAM

Dated:  May 7, 2014            Respectfully submitted,

                                     By:  s/Craig C. Minko
                                        Scott A. Bassman, Esq. (Florida Bar Number: 232180)
                                        Attorney E-mail address:  scott.bassman@csklegal.com
                                        Craig C. Minko, Esq. (Florida Bar Number:  84499)
                                        Attorney E-mail address:  craig.minko@csklegal.com
                                        COLE, SCOTT & KISSANE, P.A.
                                        110 Tower
                                        110 S.E. 6th Street, Suite 1850
                                        Ft. Lauderdale, Florida 33301
                                        Telephone:  (954) 703-3703
                                        Facsimile:  (954) 703-3701
                                        Attorney for Defendant Southpoint Condominium Association, Inc.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I electronically filed the foregoing on May 7, 2014, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to:  **Marcy I. LaHart, Esq.**, marcy@floridaanimallawyer.com, 4804 SW 45th Street, Gainesville, FL 32608; and **Robert N. Hartsell, Esq.**, Robert@hartshell-law.com, **Sarah M. Hayter, Esq.,** sarah@hartshell-law.com, 1600 S. Federal Highway, Suite 921, Pompano Beach, FL 33062

                                        s/Craig C. Minko

SAB/CCM
l:\1918-1373-01\pleading\motion\motion to stay proceedings pending award of and payment of attorneys' fees and costs pursuant to rule 41(d).docx