UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **14-60867-CIV-MORENO**

LYNDA DAVIS for DOROTHY DAVIS, an individual,

    Plaintiff,

vs.

SOUTHPOINT CONDOMINIUM ASSOCIATION, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING AWARD AND PAYMENT OF ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 41(D)

THIS CAUSE came before the Court upon Defendant's Motion to Stay Proceedings Pending Award and Payment of Attorneys' Fees and Costs Pursuant to Rule 41(D) **(D.E. No. 8)**, filed on **May 7, 2014**. THE COURT has considered the motion and the pertinent portions of the record. For the foregoing reasons, it is **ADJUDGED** that the motion is GRANTED.

Rule 41(d) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

*Id.*; *U.S. Sur. Co. v. Global Egg Corp.*, 2013 WL 388715 at *3 (M.D. Fla. Jan. 31, 2013) ("Under Rule 41(d), if [a plaintiff] attempts to file another action 'based on or including the same claim

against the same defendant,' the court in the newly-filed action 'may order the plaintiff to pay all or part of the costs of that previous action and may stay the proceedings until the plaintiff has complied.'") (citing Fed. R. Civ. P. 41(d)). The Court has broad discretion to award fees and costs and, when faced with a scenario where a plaintiff dismisses and re-files certain claims in a separate action, against the same defendant, evaluates whether the facts surrounding the case justify an award of costs under Rule 41(d) to prevent prejudice to the defendant. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 n.2, 1260 (11th Cir. 2001); *see also Groom v. Bank of America*, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010) ("Rule 41(d) expressly contemplates the prejudicial impact on a defendant when a plaintiff dismisses and re-files against that defendant.").

The purpose of imposing costs on a plaintiff who previously has dismissed an action against the same defendant, based upon the same claim, is to deter forum shopping and "vexatious" litigation. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2375, *Costs of Previously Dismissed Action* (2011). Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and wasting judicial resources. Here, Rule 41(d) empowers this Court to require Plaintiffs to pay all or part of the costs incurred by the Defendant in *Davis I* as a condition to re-filing the same claims in *Davis II* because Plaintiffs voluntarily dismissed *Davis I* only to commence *Davis II*, attempting to assert the same claims as asserted in *Davis I*, i.e., alleged violation of 42 U.S.C. §3604(f)(3)(B). *Compare Davis I* Compl. and ECF No. 1. In the instant case, "costs" under Rule 41(d) include the Association's reasonable attorneys' fees, as Plaintiff have not only engaged in overt forum shopping by filing the very same claims against the Defendant in a separate lawsuit, in the very same federal district. *McCants v. Ford Motor Co.*, 781 F. 2d 855 (11th Cir. 1986) ("Costs may include all

litigationrelated expenses incurred by the defendant, including reasonable attorneys' fees."); *Shaker Vill. Condo. Ass'n, Inc. v. Certain Underwriters at Lloyd's*, 2009 WL 2835185 (S.D. Fla. Sept. 1, 2009) (awarding attorneys' fees to the defendant as part of the defendant's costs under Rule 41(d), where plaintiff voluntarily dismissed its state court action, and filed a federal court action asserting the same claims asserted in the voluntarily dismissed state court action, in addition to other claims); *Moss v. Saks Fifth Avenue*, 2007 WL 1141510 at n. 1 (M.D. Fla. Apr. 17, 2007) ("The Court notes that should plaintiffs re-file this case in federal court, attorney fees may be awarded under Fed. R. Civ. P. 41(d).").

Plaintiff's strategy of forum shopping and pursuing vexatious litigation is exactly what Rule 41(d) was designed to prevent. Thus, pursuant to Rule 41(d) and this Court's inherent authority, this Court GRANTS Defendant's Motion to Stay Proceedings Pending Award and Payment of Attorneys' Fees and Costs Pursuant to Rule 41(D), awarding the Defendant its reasonable attorneys' fees and costs incurred in *Davis I* and staying *Davis II* until Plaintiff has fully paid such fees and costs.

DONE AND ORDERED in Chambers at Miami, Florida, this _19_ day of May, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record